IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,011-01






EX PARTE EDWIN BLAKE YOUNG, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 9292-01 IN THE 43rd DISTRICT COURT


FROM PARKER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. 

 Applicant contends that he has never been convicted of a sex crime and that he is being
denied due process because the Board of Pardons and Paroles and the Parole Division of the Texas
Department of Criminal Justice imposed, and continues to require, Applicant to comply with sex
offender requirements. Ex parte Evans, 2011 Tex. Crim. App. LEXIS 596 (Tex. Crim. App. May
4, 2011). (1) 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel
and the General Counsel of the Board of Pardons and Paroles to file affidavits stating whether this
Court's decision in Evans is being complied with in this case.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has been previously
convicted of an enumerated sex offense. If he has not, the trial court shall then make findings of fact
as to whether Applicant has been afforded the due process required by this Court's decision in
Evans. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 45 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 15, 2011

Do not publish
1. In Evans, this Court adopted the Fifth Circuit's holding in Meza v. Livingston, 607 F.3d
392 (5th Cir. Tex. 2010). In Meza, the Fifth Circuit Court of Appeals held that when a parolee
has never been convicted of a sex offense, sex offender conditions may only be imposed after the
individual has received due process. Coleman v. Dretke, 395 F.3d 216 (5th Cir. 2004) (Coleman
I), reh'g and en banc denied, 409 F.3d 665 (5th Cir. 2005) (Coleman II). In order to satisfy this
requirement, the court held that the parolee is owed, at a minimum: (1) written notice that sex
offender conditions may be imposed as a condition of his mandatory supervision, (2) disclosure
of the evidence being presented against him to enable him to marshal the facts asserted against
him and prepare a defense, (3) a hearing at which he is permitted to be heard in person, present
documentary evidence, and call witnesses, (4) an impartial decision maker, and (5) a written
statement by the factfinder as to the evidence relied on and the reasons it attached sex offender
conditions to his mandatory supervision. The Applicant cites to Meza as a basis for relief in this
case.